MORGAN LLEWELLYN AND MATTIE LLEWELLYN, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 10291–75, 10297–75, 10298–75.     Filed May 30, 1978.

*Robert B. St. Peters* and *John W. Hoefert,* for the petitioners.
*James F. Kidd,* for the respondent.

OPINION

WILES, *Judge:* On October 3, 1977, respondent filed a motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in petitioners' income taxes:

| Docket Nos. | Year | Deficiency |
| --- | --- | --- |
| 10291–75 | 1970 | $13,695.71 |
| | 1971 | 3,311.75 |
| | 1972 | 3,078.02 |
| | 1973 | 5,052.92 |
| 10297–75 | 1970 | 2,044.22 |
| | 1971 | 4,606.41 |
| | 1972 | 3,289.08 |
| 10298–75 | 1971 | 4,008.44 |
| | 1972 | 5,951.57 |
| | 1973 | 9,060.88 |

The sole issue under the motion is whether interest expense may be netted against interest income for purposes of computing the

[1]Cases of the following petitioners are consolidated herewith: Thomas DeClue and Eulene DeClue, docket No. 10297–75; Estate of Clifton L. Beach, deceased, Anna K. Beach, executrix, and Anna K. Beach, docket No. 10298–75.

$3,000 passive investment income exception found in section 1372(e)(5)(B)(ii).[2] The parties agree that the resolution of this issue disposes of the entire case.

Petitioners Morgan and Mattie Llewellyn, Thomas and Eulene DeClue, and Clifton and Anna Beach, husbands and wives, lived in East Alton and Alton, Ill., when they filed their returns for the years in issue with the Midwest Service Center, Kansas City, Mo., and their petitions in this case.

For the years in issue, each petitioner owned one-sixth of Lake Havasu Resorts, Inc. (hereinafter Havasu), an Arizona corporation organized on May 21, 1969, to construct a Ramada Inn Motel at Lake Havasu, Ariz. It filed a subchapter S election on June 21, 1969, and adopted an April 30 fiscal yearend.

On or about May 23, 1969, Havasu entered into a long-term lease for real property which required it to deposit $180,000 in a bank account within 36 days after signing the lease. The loan and subsequent deposit produced the following interest income and expense:

|  | *FYE Apr. 30—* | |
|  | *1971* | *1972* |
| Gross Income: | | |
| Interest | $4,206.69 | $5,955.71 |
| Total income | 4,206.69 | 5,955.71 |
| | | |
| Expenses: | | |
| Interest | 2,372.49 | 11,212.00 |
| Other | 32,814.92 | 39,650.03 |
| Total expenses | 35,187.41 | 50,862.03 |
| Losses | (30,980.72) | (44,906.32) |

Petitioners deducted their respective share of Havasu's subchapter S losses on their returns. Respondent disallowed them on the ground that Havasu's subchapter S status terminated in 1971 by virtue of its violation of the passive investment income rule of section 1372(e)(5)(A).

Respondent contends that Havasu's 1971 interest income of $4,206.69 was passive investment income within the meaning of section 1372(e)(5)(C); that 100 percent of its gross receipts was passive investment income; that its passive investment income exceeded the $3,000 exception of section 1372(e)(5)(B)(ii); and that, therefore, Havasu's subchapter S status terminated under

---

[2]Statutory references are to the Internal Revenue Code of 1954, as amended.

section 1372(e)(5)(A). Petitioners argue that they should be allowed to net their interest expense against their interest income thereby satisfying the $3,000 exception of section 1372(e)(5)(B)(ii). We agree with respondent.

The statute is clear. Section 1372(e)(5)(A) states the general rule that a subchapter S election shall terminate for any year in which a corporation's passive investment income exceeds 20 percent of its gross receipts. Section 1372(e)(5)(B) provides a narrow exception to this rule if, among other things, the passive investment income for the year is less than $3,000. Section 1372(e)(5)(C) defines passive investment income as *"gross receipts* derived from * * * interest." (Emphasis added.) Gross receipts is defined by section 1.1372–4(b)(5)(iv)(*a*), Income Tax Regs., as "the total amount received or accrued under the method of accounting used by the corporation in computing its taxable income. Thus, the total amount of receipts is not reduced by returns and allowances, cost, or deductions."

Havasu reported $4,206.69 in interest income under its method of accounting which constituted 100 percent of its income in 1971. This amount is not to be reduced by any deductible expense. B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders, par. 6.03, p. 6–13 (3d ed. 1971). Quite clearly, Havasu does not fall within the section 1372(e)(5)(B)(ii) termination exception.

Accordingly, we hold that interest expense may not be netted against interest income for purpose of section 1372(e)(5)(B) and, therefore, respondent's motion for summary judgment is granted.

*An appropriate order will be issued.*